United Stated District Court
for the
Central District of Illinois
Peoria Division

| | |
|---|---|
| ROGER B. STEWART, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2013-1144 |
| ) | |
| ILPEA INDUSTRIES, INC., an Indiana ) | |
| corporation, Defendant. ) | |

## COMPLAINT

Plaintiff Roger B. Stewart, by his attorney Grant R. Gulovsen of Barash & Everett, LLC, complaining of Defendant ILPEA Industries, Inc., an Indiana corporation, alleges:

1.   Plaintiff Roger B. Stewart (hereinafter referred to as "Plaintiff") is an adult male citizen of the State of Illinois, who currently resides in the Township of Henderson, Knox County, Illinois.  Defendant ILPEA Industries, Inc. (hereinafter referred to as "ILPEA") is an Indiana corporation and a citizen of the State of Indiana, with its principal place of business in the City of Scottsburg, Scott County, Indiana.  The amount in controversy, exclusive of costs and interest, exceeds $75,000.  Jurisdiction is based on diversity of citizenship, 28 USC §1332(a).

2.   A substantial part of the events or omissions giving rise to this cause occurred within the County of Knox in the State of Illinois, in the Peoria Division of the Central District of Illinois.  Venue is therefore proper under 28 U.S.C. § 1391(a)(2).

3.   On information and belief, and according to its own website, ILPEA is the largest manufacturer of refrigeration gaskets in North America.  http://www.ilpeaindustries.com (last visited Mar. 20, 2013).

4.   At all times relevant to this complaint, ILPEA owned and operated a manufacturing facility located at 611 South Linwood Street in the City of Galesburg, Knox

County, Illinois (hereinafter referred to as "the Galesburg ILPEA Plant"), and conducted business in the State of Illinois using the assumed corporate name of "Holm Industries," pursuant to § 4.15 of the Illinois Business Corporation Act of 1983, 805 ILCS 5/4.15.

5. On or about September 28, 2007, Plaintiff applied for a position at the Galesburg ILPEA Plant.

6. ILPEA, doing business as Holm Industries, hired Plaintiff to work at the Galesburg ILPEA Plant operating a "grinder" that ground up defective and otherwise unusable refrigeration gaskets, at a starting wage of $8.75 per hour.

7. On information and belief, Plaintiff received no write-ups or negative evaluations between September 28, 2007, and November 3, 2007, and ILPEA increased his hourly wage to $9.75. A copy of Plaintiff's Wage Statement is attached as Exhibit A.

8. On December 13, 2007, while helping to clean up the Galesburg ILPEA Plant prior to a visit by ILPEA corporate officials, Plaintiff slipped and fell while carrying several large cardboard boxes to a dumpster, injuring his right shoulder.

9. Plaintiff continued working until January 14, 2008, at which time the pain from his right shoulder injury had become so severe that he was unable to continue working.

10. On that date, Plaintiff reported the injury to his supervisor and completed an accident report, well within the 45 day notice period specified in § 6 of the Illinois Workers' Compensation Act. 820 Ill. Comp. Stat. 305/6 (West, Westlaw through P.A. 97-1170 of the 2012 Reg. Sess.)

11. Plaintiff went to an occupational medicine physician who ordered an MRI scan on January 15, 2008.

12. The results of the MRI scan showed a rotator cuff tear, and Plaintiff was put on a 5 pound lifting restriction with no work above the waist.

13. Plaintiff returned to the Galesburg ILPEA Plant with these restrictions and, on information and belief, was informed by an agent or employee of ILPEA that there was no work available for him as long as these restrictions were in place.

14. In fact, Plaintiff's job operating the grinder almost never required him to lift more than 5 pounds at a time or perform any work above the waist.

15. Given the fact that he was not allowed to return to work by ILPEA, Plaintiff sought temporary total disability benefits (hereinafter referred to as "TTD benefits") from ILPEA's workers' compensation insurance company, American Home Assurance Insurance Company, Inc., a subsidiary of American International Group (hereinafter collectively referred to as "AIG"), but was denied.

16. In addition to refusing to pay TTD benefits, AIG refused to authorize any treatment for Plaintiff's torn rotator cuff.

17. As a result of the denial of TTD benefits and medical treatment by AIG, Plaintiff had no choice but to file an Application for Adjustment of Claim with the Illinois Workers' Compensation Commission on January 30, 2008. A copy of the Application for Adjustment of Claim is attached as Exhibit B.

18. In April of 2008, while Plaintiff was still waiting for AIG to authorize his medical treatment, Plaintiff was notified by letter dated April 18, 2008, that his employment with ILPEA was terminated. See termination letter attached as Exhibit C.

19. There was in fact no legitimate business reason for Plaintiff's termination.

20. Instead, ILPEA's refusal to allow Plaintiff to return to work even though his job as a grinder was within his work restrictions, coupled with its termination of Plaintiff's employment while he was still waiting to receive authorization for a rotator cuff repair from AIG, together demonstrate a clear motive on ILPEA's part to retaliate against Plaintiff for getting injured and filing a workers' compensation claim.

21. By discharging Plaintiff because of the exercise of his rights or remedies granted to him by the Workers' Compensation Act, ILPEA violated § 4(h) of said Act. 820 Ill. Comp. Stat. 305/4(h) (West, Westlaw through P.A. 97-1170 of the 2012 Reg. Sess.)

22. Furthermore, given the manner in which Plaintiff was discharged, ILPEA acted willfully with bad faith and actual malice and with such gross negligence as to indicate a wanton disregard of Plaintiff's rights under the Illinois Workers' Compensation Act.

23. Relief sought:

    a. Compensatory damages in an amount greater than $75,000.

    b. Punitive and exemplary damages.

    c. Costs.

    d. Such other proper relief.

Dated: March 27, 2013.

                                          **s/ Grant R. Gulovsen**
Grant R. Gulovsen Bar Number: 6256037
Attorney for Plaintiff
BARASH & EVERETT, LLC
256 S Soangetaha Rd Ste 108
Galesburg, IL 61401
Telephone: (309) 341-6010
Fax: (309) 341-1945
E-mail: grant@barashlaw.com

4

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial of the issues herein by jury of six.

**s/ Grant R. Gulovsen**
Grant R. Gulovsen Bar Number: 6256037
Attorney for Plaintiff
BARASH & EVERETT, LLC
256 S Soangetaha Rd Ste 108
Galesburg, IL 61401
Telephone: (309) 341-6010
Fax: (309) 341-1945
E-mail: grant@barashlaw.com

BARASH & EVERETT, LLC
256 S Soangetaha Rd Ste 108
Galesburg, IL 61401
Phone:  (309) 341-6010
Fax:      (309) 341-1945
E-mail:  grant@barashlaw.com